1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

15

16

BARRETT BUSINESS SERVICES, INC.,

          Plaintiff/Counter-Defendant,

     v.

CHARLES COLMENERO and DENELL HOPKINS and the marital community comprised thereof; SANTIAGO ALEJO and FATIMA ALEJO, and the marital community comprised thereof, and REPSEL ASSOCIATES, INC., D/B/A PERSONNA EMPLOYER SERVICES,

          Defendants/Counter-Claimants.

CASE NO:  1:22-CV-3122-TOR

ORDER ON SUMMARY JUDGMENT MOTIONS

17

18

19

20

BEFORE THE COURT are Plaintiff's Motion for Partial Summary Judgment (ECF No. 61) and Defendants' Motion for Summary Judgment (ECF No. 65). These matters were heard telephonically on December 21, 2023.  The Court has reviewed the record and files herein, heard oral argument and is fully informed.

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 1

**BACKGROUND**

Plaintiff Barrett Business Services, Inc. (BBSI) is a human resources management company that contracts with small and medium-sized businesses to provide human resource management solutions, including temporary staffing and professional services.  It provides these services to employers throughout the Yakima area and particularly to fruit growers and other agricultural companies.

On April 23, 2014, BBSI hired Defendant Charles Colmenero as an area manager to start on May 12, 2014.  Colmenero quit BBSI on July 12, 2022.  On July 17, 2015, BBSI hired Defendant Santiago Alejo as a Recruitment Specialist to start on July 27, 2015.  Alejo quit BBSI on July 8, 2022.  Colmenero and Alejo set up their own business, Repsel Associates, Inc., d/b/a/ Personna Employment Solutions (Personna).

BBSI brought this suit against the Defendants for: breach of contract; breach of Washington Trade Secrets Act; violation of Federal Defend Trade Secrets Act; tortious interference with business expectancy; breach of loyalty; appropriation of name; violation of Consumer Protection Act; and violation of Lanham Act.  ECF No. 53 (Second Amended Complaint).

Defendants answered the Second Amended Complaint and asserted Counterclaims against BBSI seeking: declaratory relief; violation of Washington noncompete law; and violation of the Consumer Protection Act.  ECF No. 54.

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 2

BBSI's Motion for Partial Summary Judgment seeks summary judgment for liability on Defendants' breach of the duty of loyalty, misappropriation of BBSI's trade secrets, and tortious interference with BBSI's contractual and business relationships. BBSI seeks a subsequent damage determination along with liability on the remaining claims. ECF No. 61.

Defendants seek summary judgment in their favor on all causes of action brought by BBSI, as well as all their counterclaims against BBSI. ECF No. 65.

## DISCUSSION

### I.      Motion for Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

1   of evidence in support of the plaintiff's position will be insufficient; there must be

2   evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

3       For purposes of summary judgment, a fact is "material" if it might affect the

4   outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is

5   "genuine" only where the evidence is such that a reasonable jury could find in

6   favor of the non-moving party. *Id.* The Court views the facts, and all rational

7   inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

8   *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

9   "against a party who fails to make a showing sufficient to establish the existence of

10  an element essential to that party's case, and on which that party will bear the

11  burden of proof at trial." *Celotex*, 477 U.S. at 322.

12  **II.    Breach of Contract**

13      Defendants seek summary judgment on Plaintiff's claim that they breached a

14  contract not to compete with BBSI for 18 months after they were separated from

15  the business. ECF No. 65. Plaintiff has produced no such contract. Plaintiff has

16  not provided any testimony that Defendants signed such a contract. Plaintiff only

17  surmises that Defendants "likely" signed the contract, but it does not exist in local

18  or national personnel records of BBSI. Defendants have affirmatively sworn that

19  they did not sign such a contract. Plaintiff's reference to the handbooks and other

20  material do not create a binding contract with Defendants.

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 4

1        Absent a binding contract between the parties, Plaintiff has failed to show

2   that this claim should proceed further.  Summary judgment is appropriate for

3   Defendants on this claim.

4       **III.   Trade Secrets**

5       Plaintiff complains that Defendants have stolen BBSI's trade secrets.

6       "A plaintiff seeking to establish a trade secrets claim under [UTSA] has the

7   burden of proving that legally protectable secrets exist." *Boeing Co. v. Sierracin*

8   *Corp.*, 108 Wash.2d 38, 49 (1987).  RCW 19.108.010(4) defines "Trade secret" as:

9           information, including a formula, pattern, compilation, program, device,
        method, technique, or process that:

10

11          (a) Derives independent economic value, actual or potential, from not
        being generally known to, and not being readily ascertainable by proper
        means by other persons who can obtain economic value from its

12          disclosure or use; and

13          (b) Is the subject of efforts that are reasonable under the circumstances to
        maintain its secrecy.

14

15  "Thus, in order to have a legally protectable interest in trade information, a party

16  must establish (1) that the information derives independent economic value from

17  not being generally known or readily ascertainable to others who can obtain

18  economic value from knowledge of its use and (2) that reasonable efforts have

19  been taken to maintain the secrecy of the information." *Precision Moulding &*

20  *Frame, Inc. v. Simpson Door Co.*, 77 Wash. App. 20, 25 (1995).  Information

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 5

1    already in the public domain or readily ascertainable by proper means by someone

2    who can derive economic benefit from it, regardless of its application, is not novel

3    and derives no independent economic value from not being known. *Precision*

4    *Moulding*, 77 Wash. App. at 26–27. The plaintiff's "declarations and affidavits

5    must provide specific, concrete examples illustrating that the ... information meets

6    the requirements for a trade secret." *Belo Mgmt. Servs., Inc. v. ClickA Network*,

7    184 Wash. App. 649, 657 (2014). A plaintiff must describe the alleged unique,

8    innovative, or novel information with specificity; "conclusory" declarations that

9    fail to "provide concrete examples" are insufficient to support a trade secret claim.

10   *McCallum v. Allstate Prop. & Cas. Ins. Co.*, 149 Wash. App. 412, 425–26 (2009).

11   Customer lists, as well as other information associated with those lists, can be

12   considered trade secrets under the Act. *Ed Nowogroski Ins. Inc. v. Rucker*, 137

13   Wash.2d 427, 440 (1999). Whether such a list is protected as a trade secret

14   "depends on three factual inquiries: (1) whether the list is a compilation of

15   information; (2) whether it is valuable because unknown to others; and (3) whether

16   the owner has made reasonable attempts to keep the information secret." *Id.* at

17   442.

18        Plaintiff broadly claims that Defendants misappropriated "confidential

19   management techniques, client contacts, contract terms, sales pipeline, client

20   relationship management techniques, pricing and costing, and worker recruitment

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 6

1   strategies." ECF No. 61 at 26.  Plaintiffs speculate that Defendants stole a contact

2   list which was compiled by a BBSI employee.  *Id.*  Plaintiffs broadly allege that

3   BBSI required employees to sign a confidentiality agreement.  *Id.*

4        Taken individually or as a total package, Plaintiff has failed to show that its

5   particular information is a trade secret.  No evidence has shown that BBSI required

6   its temporary employees that it placed with clients to keep anything secret.  No

7   evidence has shown that BBSI required its clients to keep anything secret, such as

8   its contracts, pricing, etc.  In the relatively small community of the Yakima Valley,

9   Plaintiff has not shown that it developed and used reasonable efforts to protect its

10  "trade secrets".  BBSI's clients and pricing can therefore be readily ascertained.

11  Plaintiff has failed to show, beyond speculation, that Defendants stole a contact

12  list.  Thus, Plaintiff has failed to show that it has protectable "trade secrets" as

13  defined by the statutes.  BBSI's claims for misappropriation of trade secrets under

14  state and federal law are dismissed.

15       **IV.    Tortious Interference with Business Expectancy**

16       BBSI alleges that the Defendants tortiously interfered with its business

17  expectancy.  A claim for tortious interference with a contractual relationship or

18  business expectancy has five required elements: "(1) the existence of a valid

19  contractual relationship or business expectancy; (2) that defendants had knowledge

20  of that relationship; (3) an intentional interference inducing or causing a breach or

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 7

termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage." *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash.2d 133, 157 (1997) (citation omitted).

BBSI asserts two bases for the improper purpose or improper means, misappropriation of trade secrets and breach of the duty of loyalty. As discussed above, the trade secrets allegation fails. However, as discussed below, the breach of the duty of loyalty occurred with two temporary workers hired for AgroFresh by Personna during the final week or two before Defendants left BBSI.

No other improper purpose or means exists in the evidence. Because Defendants hired two temporary workers for AgroFresh in violation of their duty of loyalty to BBSI, Defendants are liable for the resulting damages, but only as to these two workers up until Defendants quit their work at BBSI.

## V.    Duty of Loyalty

BBSI alleges the individual Defendants breached their duty of loyalty. According to Division 1 of the Washington Court of Appeals:

> During the period of his or her employment, an employee is not "entitled to solicit customers for [a] rival business . . ." or to act in direct competition with his or her employer's business. *Restatement (Second) of Agency* § 393 comment e (1958). In like manner, "[u]nless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency." *Restatement (Second) of Agency* § 393 (1958).

*Kieburtz & Assocs., Inc. v. Rehn*, 68 Wash. App. 260, 265 (1992). Here, both individual Defendants admitted in their depositions that they hired two temporary

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 8

employees through Personna for Agrofresh in the final week or two before they quit their jobs at BBSI. Accordingly, Defendants are liable for the breach of the duty of loyalty for these workers and for this time period only.

BBSI spends considerable time recounting all the work the Defendants did to set up Personna. Setting up a company without any customers or clients does not breach the duty of loyalty, only direct competition does so. These claims are denied.

## VI.    Appropriation of Name

BBSI alleges that the individual Defendants inappropriately used the BBSI name. BBSI has come forward with no evidence to support this allegation, beyond mere conjecture.

BBSI claims Defendants used its forms and caused confusion. Defendants have provided definitive proof that they used their own name and logos on their documents for Personna. No confusion has been shown to support this claim. This claim is dismissed.

## VII.    Consumer Protection Act

BBSI alleges the individual Defendants posed as agents of BBSI after they quit. BBSI has come forward with no evidence, beyond speculation, that this occurred. BBSI claims that Defendants improperly represented facts to its bank and others. BBSI has no direct harm, even if it could prove misrepresentations to

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 9

1   others.  This claim is dismissed.

2   **VIII.  Lanham Act**

3       BBSI claims the individual Defendants posed as agents of BBSI to Jewel

4   Fruit in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  BBSI has come

5   forward with no evidence to support this allegation.  This claim is dismissed.

6   **IX.   Defendants' Declaratory Relief**

7       Defendants seek a declaratory judgment that BBSI cannot attempt to restrain

8   Defendants from fairly and lawfully competing with BBSI and that there are no

9   post-employment restraints.  Based on the Court's rulings above, BBSI has failed

10  to establish its case.

11  **X.    Defendants' Washington Noncompete Law**

12      Defendants allege they are each "aggrieved person" within the meaning of

13  RCW 49.62.080 and that BBSI's alleged post-employment restrictions are void

14  and unenforceable.  Defendants each seek the greater of their actual damages or a

15  statutory penalty of five thousand dollars, plus their reasonable attorneys' fees,

16  expenses, and costs incurred in this proceeding.

17      RCW 49.62.080(2) provides that "[i]f a court . . . determines that a

18  noncompetition covenant violates this chapter, the violator must pay the aggrieved

19  person. . . ."  RCW 49.62.080(3) provides that "[i]f a court . . . reforms, rewrites,

20  modifies, or only partially enforces any noncompetition covenant, the party

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 10

seeking enforcement must pay the aggrieved person. . . ."  The Court has not seen

the "noncompetition covenant", has not found it to violate this chapter, nor has it

modified or reformed such covenant.  Thus, fees and expenses are unwarranted.

No noncompetition covenant has been produced.  This claim is denied.

### XI.    Defendants' Consumer Protection Act

Defendants contend that BBSI has slandered and spread misinformation about

Defendants in order to interfere with and unlawfully restrict their ability to

compete in the marketplace.  Additionally, Defendants allege this lawsuit does the

same thing.

First, this lawsuit cannot be the basis for a Consumer Protection Act claim

because the litigation privilege applies.  The "litigation privilege" is a judicially

created privilege that protects participants—including attorneys, parties, and

witnesses—in a judicial proceeding against civil liability for statements they make

in the course of that proceeding.  *Young v. Rayan*, 533 P.3d 123, 128 (Wash. Ct.

App.), *review denied*, 539 P.3d 4 (Wash. 2023).

Second, Defendants contend that BBSI employee Jones made disparaging

remarks about Defendants and the legal status of this case.  The record does not

contain any definitive proof of what Mr. Jones said, but soon thereafter this suit

was filed and an injunction was sought.  Accordingly, this Consumer Protection

Act claim is denied and dismissed.

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 11

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 61, is **GRANTED in part.**

2. Defendants' Motion for Summary Judgment, ECF No. 65, is **GRANTED in part.**

3. Defendants' Motion to Strike, ECF No. 105, is **DENIED as moot**.

4. Because of the Court's calendar, the telephonic pretrial conference set for January 3, 2024 is hereby **POSTPONED**. Additionally, the jury trial set for January 16, 2024, is **POSTPONED**. The Parties shall meet and confer and file a joint status report **on or before January 12, 2024**, as to how this matter should proceed and whether a jury trial is now necessary.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

DATED December 27, 2023.



THOMAS O. RICE
United States District Judge

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 12