UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARRETT BUSINESS SERVICES, INC., | NO. 1:22-CV-3122-TOR |
| Plaintiff/Counter-Defendant, | ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL |
| v. | |
| CHARLES COLMENERO and DENELL HOPKINS and the marital community comprised thereof; SANTIAGO ALEJO and FATIMA ALEJO, and the marital community comprised thereof, and REPSEL ASSOCIATES, INC., D/B/A PERSONNA EMPLOYER SERVICES, | |
| Defendant/Counter-Claimants. | |

BEFORE THE COURT is Plaintiff's Motion to Vacate Dismissal. ECF No. 210. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's motion is **DENIED**.

ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ~ 1

## PROCEDURAL BACKGROUND

In the Court's December 27, 2023 Order on the parties' cross motions for summary judgment, the Court granted Plaintiff's state law breach of duty of loyalty claim but dismissed Plaintiff's federal law claims. ECF No. 141. The Court then declined to exercise supplemental jurisdiction over the state law claim and dismissed it without prejudice on January 25, 2024. ECF No. 143.

On July 22, 2025, the Ninth Circuit reversed the Court's dismissal of Plaintiff's trade secret misappropriation claims and remanded for further proceedings. ECF No. 183. Defendants moved for summary judgment which the Court granted in part on February 5, 2026, leaving a single federal trade secrets claim at issue for trial. ECF No. 209. Plaintiff now moves to vacate the Court's dismissal of the state law breach of duty of loyalty claim pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. 210.

## DISCUSSION

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ~ 2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a reasonable time but no more than a year after entry of judgment if based on reasons (1), (2), and (3). Fed. R. Civ. P. 60(c). Plaintiff moves for relief under Rule 60(b)(6). ECF No. 210 at 5.

Rule 60(b)(6) serves as a catch-all provision that a party may use as a basis for relief from final judgment only where Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp v. United States*, 596 U.S. 528, 533 (2022). Relief under Rule 60(b)(6) should only be applied in extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). The rule "has been used sparingly as an equitable remedy to prevent manifest injustice" and should only be utilized "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). As such, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). "Neglect or lack of

ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ~ 3

diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998).

Plaintiff asserts that extraordinary circumstances warrant the requested relief under Rule 60(b)(6). Plaintiff argues that as federal jurisdiction exists pursuant to the Court's recent summary judgment order (ECF No. 209), the Court should vacate its order of dismissal and exercise supplemental jurisdiction over the state law breach of duty of loyalty claim because it is part of the same case or controversy as the remaining trade secret claims. ECF No. 210 at 6-7.

Defendants argue that the revival of a different claim category than that of the state law breach of duty of loyalty does not constitute "extraordinary circumstances" justifying vacating the Court's dismissal. ECF No. 219 at 6. Defendants further argue that Plaintiff's circumstances were of its own making as it was a strategic decision not to seek relief in state court on the duty of loyalty claim. *Id.* Defendants make the additional argument that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 in any event because compelling reasons exists to do so. *Id.* at 4. Finally, Defendants contend that the motion is untimely and granting it would prejudice Defendants at this point in the litigation. ECF No. 219 at 4-8.

Plaintiff replies that Defendants' arguments do not defeat supplemental jurisdiction and that Defendants' assertion that vacating the dismissal would be

ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ~ 4

prejudicial lacks merit and is insufficient grounds to deny Plaintiff's motion. ECF No. 236 at 2-7. Plaintiff asserts that reinstatement of the duty of loyalty claim is required to accomplish justice in this case. *Id.* at 6.

Regardless of whether the Court could or should retain supplemental jurisdiction over Plaintiff's duty of loyalty claim, relief under Rule 60(b)(6) is still not warranted. There are no extraordinary circumstances that will result in manifest injustice to Plaintiff. Plaintiff's conclusory assertion that reinstatement is necessary to accomplish justice is insufficient under Rule 60(b)(6). The Court's Order dismissing the breach of duty of loyalty claim notified Plaintiff that such dismissal tolled the applicable period of limitations for at least thirty days. ECF No. 143 at 3. Plaintiff's failure to refile in state court during that time was a strategic choice that does not now entitle Plaintiff to Rule 60(b)(6) relief on the eve of trial. *See Pioneer Investment Services Co. v. Brunswick Associates L. P.*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

//

//

//

//

//

ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion to Vacate Dismissal (ECF No. 210) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 23, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ~ 6